## M. BURG & SONS, INC. v. TWIN CITY FOUR WHEEL DRIVE COMPANY AND ANOTHER.[1]

April 19, 1918.

No. 20,816.

**Guaranty — admission of evidence — findings sustained.**
1. There was no error in the rulings on the admission of evidence, and the findings are sustained by the evidence.

[1]Reported in 167 N. W. 300.

**Corporation may guarantee payment for workman.**

>    2. On the facts found, defendant corporation had the power to guarantee payment by an employee for furniture he proposed to buy.

**Implied authority of general manager to give guaranty.**

>    3. The general manager of the corporation had implied authority to execute the guaranty on behalf of defendant.

Action in the municipal court of St. Paul to recover $261.07 under a written guaranty. The separate answer of the Twin City Four Wheel Drive Company admitted that defendant C. W. Turner was in its employ on October 4, 1916, but alleged that he had no authority to bind the company by any guaranty of payment either as alleged in the complaint or otherwise, and that defendant had no knowledge whatsoever of the action of Turner in making any such purported guaranty. The case was tried before Finehout, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment for plaintiff in the sum of $260.32. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Jesse Van Valkenberg,* for appellant.

*Jesse E. Greenman,* for respondent.

BUNN, J.

This action was to recover on the following instrument:

>    Messrs. M. Burg & Sons, Inc.
>    St. Paul, Minn.

This is to certify that the undersigned will guarantee account of John P. White, amounting to two hundred and sixty dollars and thirty-two cents (260.32) and make payment direct to you on or before December 1st, 1916.

>                    Twin City Four Wheel Drive,
>                                  By C. W. Turner.

The case was tried to the court without a jury, and a decision rendered in favor of plaintiff and against defendant Four Wheel Drive Company, the case having been dismissed as to defendant Turner. Defendant appeals from an order denying a new trial.

The questions are as to the power of defendant corporation to guarantee the debt of its employee and as to the authority of Turner to execute the guaranty on behalf of defendant. The facts are very little in dispute. We summarize them as follows:

Defendant is a corporation and at the time in question was promoting, manufacturing and attempting to sell motor trucks. It had none completed to deliver, however, and sold Ford cars as a side line. Turner was employed by defendant as general manager. He hired, discharged and paid the employees, made contracts for the purchase of materials, and had general charge of the manufacturing and selling parts of the business. John P. White was a salesman in the employ of defendant, his compensation being a commission on sales made by him. He had secured some "prospects" for the sale of trucks, but as no trucks were ready for delivery, he was not receiving commissions. White wanted to marry, and desired to buy furniture to equip his home, but had no money. He asked Turner for an advance on his prospective commissions, but Turner declined. He told Turner that if he could not get money he would quit defendant's employ and seek another job. White was considered a valuable man, and to have several "prospects" that would likely result in the sale of trucks. Turner agreed to give the guaranty upon which the action is brought, and did so, figuring that White's commission on a single sale would more than pay the amount. White purchased furniture of plaintiff to an amount slightly in excess of the sum guaranteed, and has not paid for it.

Defendant assigns as error some of the rulings on the admission of evidence, and some of the findings of fact, as not sustained by the evidence. We dispose of these claims by saying that we discover no prejudicial error in the rulings, and think the material findings are sustained by the evidence.

It must be assumed therefore that it was a benefit to the corporation to put White in a position where he could purchase the furniture, thus inducing him to remain in the employ of the corporation. Of course defendant corporation had no express power to guarantee or become surety for debts of its employees. But we think it may be said that such a power may be implied, as an incident to the business that the corporation was authorized to do. It can hardly be doubted that it would have

had power to make an advance to White on account of salary or commission to be earned. Such a power is at least as broad as becoming surety for an employee's rent, coal, grocery or furniture bill, with the reasonable expectation that there will be no loss because he will earn enough to take care of the bill. We are cited to no case directly in point. On the general subject of the power of a corporation to become surety for another person or corporation see 10 Cyc. 1109, 1110, and cases cited.

As to the authority of Turner to execute the guaranty on behalf of defendant, it may be conceded that the question is a fairly doubtful one, but we think it was within his implied authority as general manager in charge of hiring, discharging and paying employees. We do not see any question of "apparent" authority in the case.

Order affirmed.